IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHEDRICK L. HENRY, | ) | No. C 15-4550 RMW (PR) |
| Petitioner, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| SUZANNE M. PERRY, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his criminal judgment. On January 12, 2016, the court directed petitioner to show cause why the petition should not be dismissed without prejudice because petitioner had not exhausted his state court remedies. Petitioner filed a response in which he concedes that he has not raised any claims in the California Supreme Court due to his lack of legal knowledge.

As the court previously advised petitioner, prisoners in state custody who wish to collaterally challenge either the fact or length of their confinement in federal habeas corpus proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim the prisoners seek to raise in federal court. 28 U.S.C.

Order of Dismissal
P:\PRO-SE\RMW\HC.15\Henry550disexh.wpd

1 § 2254(b)-(c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity
2 to give the state "the initial 'opportunity to pass upon and correct alleged violations of its
3 prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The
4 exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state
5 courts. See id.; Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). The
6 state's highest court must be given an opportunity to rule on the claims even if review is
7 discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one
8 complete round of the State's established appellate review process."). A federal district court must
9 dismiss a federal habeas petition containing any claim as to which state remedies have not been
10 exhausted. See Rhines v. Weber, 544 U.S. 269, 273 (2005).

11 Petitioner requests that the court stay and hold his petition in abeyance while petitioner
12 returns to exhaust his claims in state court. While the United States Supreme Court has held that a
13 district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court, see
14 Rhines, 544 U.S. at 277-78, a district court does not have discretion to stay a petition containing
15 only unexhausted claims, see Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Cf. James
16 v. Pliler, 269 F.3d 1124, 1126-27 (citing Calderon v. United States District Court (Taylor), 134
17 F.3d 981, 988 (9th Cir. 1998)) ("In Taylor, we held that a district court may, in its discretion, allow
18 a petitioner to amend a mixed petition by deleting the unexhausted claims, hold the exhausted
19 claims in abeyance until the unexhausted claims are exhausted, and then allow the petitioner to
20 amend the stayed petition to add the now exhausted claims."). Here, petitioner conceded that he
21 had not presented any of his claims to the California Supreme Court and thus, his petition is
22 wholly unexhausted. The court cannot hold a fully unexhausted petition in abeyance.

23 Because it is clear that petitioner has not fairly presented his claims in the underlying
24 federal habeas corpus petition to the highest state court, the court DISMISSES the petition without
25 prejudice for failure to exhaust.

26 The federal rules governing habeas cases brought by state prisoners require a district court
27 that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.
28 See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown

Order of Dismissal
P:\PRO-SE\RMW\HC.15\Henry550disexh.wpd         2

"that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:   2/9/2016

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\RMW\HC.15\Henry550disexh.wpd            3